HEARD NOVEMBER TERM, 1877.

## Sullivan *vs.* Byrne.

In an action by the builder on a building contract, a stipulation therein that the installments should be "paid only on the approval of the architects and their written order:" *Held* not to mean that "the approval of the architects, under their written order," was essential to the plaintiff's right of recovery; but that if he could show that the written order had been unreasonably withheld, and that the work had been done in a workmanlike manner, and substantially according to the contract, he would be entitled to recover.

An independent counter claim, not pleaded as such, cannot be proved at the trial.

BEFORE REED, J., AT CHARLESTON, MARCH TERM, 1876.

Action by D. A. J. Sullivan against William Byrne.

The case is as follows:

On March 8th, 1875, the plaintiff and defendant made a contract as follows:

"Memorandum of agreement made this eighth day of March, one thousand eight hundred and seventy-five, between William Byrne, Esq., of the first part, and D. A. J. Sullivan, builder, of Charleston, State aforesaid.

"The said party of the second part covenants and agrees, to and with the said party of the first part, to make, erect, build and finish, in a good, substantial and workmanlike manner, on the lot belonging to the party of the first part, and known as number    King street, in the city of Charleston, State aforesaid, a building, agreeable to the plans and specifications furnished by Abrahams & Seyle, architects.

"And the said party of the first part covenants and agrees to pay unto the said party of the second part the sum of six thousand dol-

lars (less value of bricks furnished) in the following sums and manner, viz.:

"First installment. Three hundred dollars when the first story joists are on.

"Second installment. Six hundred dollars when the second story joists are on.

Third installment. Seven hundred dollars when the third story joists are on. One-half the value of bricks to be deducted out of this installment.

"Fourth installment. Seven hundred dollars when the roof is tinned. The balance due on bricks to be deducted from this installment.

"Fifth installment. Five hundred dollars when the piazza work is up and roof tinned.

"Sixth installment. Seven hundred dollars, *bond and mortgage*, when floors are all laid.

"Seventh installment. Five hundred dollars when the building is furred, partitions put up and all trimmings are put up.

"Eighth installment. Three hundred dollars when the building has two coats of brown mortar on.

"Ninth installment. Three hundred dollars when the sash and blinds and front of building is finished and white coat of plastering put on.

"Tenth installment. Fourteen hundred dollars, by note at ninety days, when the building is finished and keys turned over to the architects. All the said installments to be paid only on the approval of the architects of the building, Messrs. Abrahams & Seyle, and under their written order.

"And the party of the second part further covenants and agrees, to and with the party of the first part, to complete and finish the said building in accordance with this contract and the plans and specifications referred to and incorporated herein, on or before July 1st, A. D. 1875, and upon said completion to return the plans to the architects, Abrahams & Seyle."

The complaint alleged :

"That on said contract there is due the plaintiff by defendant $1,151.07. That plaintiff has demanded said sum from defendant, but defendant has refused to pay same except upon written order of Abrahams & Seyle. Plaintiff avers that he has applied for said

order, and they have wrongfully, and without reasonable cause or excuse, refused to give the same, and that performance by plaintiff of so much of said contract as requires production of such order has been prevented by action of defendant and his agents, Abrahams & Seyle.

"Second cause of action sets out extra work, amounting to $223, and plaintiff asks judgment for $1,374.07, with interest from 29th November, 1875, and costs."

Answer filed 10th February, 1876, admits contract, also payments set out in complaint, and extra work, and denies every other allegation, and sets up as a defense that building was unfinished according to plans and specifications; that property was not turned over so as to allow defendant the opportunity of completing the same; that under terms of agreement installments were to be paid on order of architects and when work was approved; that architects considered building incomplete, and that it would require at least $1,000 to finish building according to plans and specifications; that building was not completed on 1st July, 1875, and sets up a counter claim for $1,500 damages on account of plaintiff's failure to perform his contract.

For the plaintiff, testimony was given tending to show that he had finished the building substantially according to the plans and specifications of the contract; that all the installments, except the tenth, had been paid, most of them on the written orders of the architects; that he had demanded of the architects a written order for the amount of the tenth installment, and that they had refused to give said order, and that such refusal was owing to the interference of the defendant.

Testimony in behalf of defendant was given tending to show that the building was not done entirely in accordance with the specifications; and defendant also offered to prove that between March, .1875, and February, 1876, he had furnished the plaintiff with groceries to the amount of $120. This testimony was ruled out by the Court, and the defendant excepted.

The defendant's counsel requested the Court to charge as follows:

1. That under the contract and specifications, the contract being the law of the case, the order of the architects must first be produced before the plaintiff can recover.

2. That having voluntarily assumed the obligations and the risk of the contract, plaintiff's legal rights are to be ascertained and determined solely according to its provisions.

3. That when the final payment for the work was to be made when it was completed, and the certificate to that effect obtained, the plaintiff is as much bound by this part of his contract as any other, and he cannot withdraw the decision of this question from them and refer it to a legal tribunal.

4. That under the contract the architects are the arbitrators between the parties, and that both parties are bound by his decision, except in case of fraud.

The request was denied, and the defendent excepted.

His Honor charged the jury:

"That the architects were the agents of the defendant; that they were not arbitrators in the legal sense of the term, and, therefore, I might as well say at once, I decline to charge as asked by the counsel for the defense. The architects were the agents of the defendant, appointed to superintend the work as it went on, and it was agreed that the money should be paid upon their orders to the plaintiff.

"That the plaintiff must satisfy you that he has complied substantially with his contract—that he has built the house according to the specifications—and that defendant has improperly and unreasonably refused to give him the certificate for the last installment or pay him his money. If he has thus satisfied you, he is entitled to recover the amount claimed at your hands. But failing, you will make such deductions from his claim as defendant is entitled to and find your verdict for the balance due; or if he has failed to make out his right to anything, then your verdict will be for defendant.

"The defense has set up a counter claim; they insist that they have not only paid all that plaintiff is entitled to, but that they should recover damages against him for $1,500, and, certainly, not less than $105. The architect, Mr. Abrahams, thinks, as he testified, that it would cost one thousand dollars to finish the building according to the specifications, and it has also been proved that a rental value of $60 per month has been lost to the defendant from the day on which the house should have been in his possession. In

that way the amount claimed by defendant for damages exceeds plaintiff's claim by $105.

" With regard to the rent, you have heard it argued that there was no reason why defendant should not have taken possession of the house and used it, which would have precluded this claim on his part."

The jury found for the plaintiff $1,209.07.

The defendant moved for a new trial on the ground:

I. That the Judge erred in refusing to charge, as requested by the defendant's counsel.

II. That His Honor erred in excluding testimony of the account of defendant, William Byrne, against the plaintiff, since November 18th, 1875.

III. That the verdict of the jury, even admitting that the plaintiff was entitled to recover, should have excluded the sum of one thousand dollars, which the architect testified it would require to put the building in the condition required by the contract, and also should have excluded the amount of rent, to which the defendant was entitled, from July, 1875, to March, 1876, by reason of the failure of the plaintiff to complete his contract under the terms of the same.

IV. That the verdict of the jury was contrary to the law and the evidence.

The motion was denied, and the defendant appealed.

*Cohen*, for appellant.

*Conner*, contra.

July 1, 1878.   The opinion of the Court was delivered by

McIVER, A. J.   This action was brought upon a written contract for the erection of a building "in a good, substantial and workmanlike manner," to be paid for by installments as the work progressed.   The main question in the case is whether the certificate of the architects was essential to entitle the plaintiff to recover the balance of the last installment.   The clause of the contract upon which the question is raised is in the following words: "All the said installments to be paid only on the approval of the architects

of the building, Messrs. Abrahams & Seyle, and under their written order."

While it is very true that parties competent to contract may make such terms as they see fit, and will be held to the performance of the contract according to such terms, it is equally true that, in determining questions of this kind, we are to look not merely at the naked words of the contract, but at their real meaning, reading them in the light of common sense, common experience and common justice. The essential thing to be done, under this contract, was to construct the house in a good, substantial and workmanlike manner, in conformity to the plans and specifications furnished by the architects, and, when the object desired was attained, common sense and common justice demand that the party should be required to pay the price agreed to be paid for such object. Such must be regarded as the real intention of the contracting parties. The certificate of the architects may be, and doubtless is in most cases, a very proper means of ascertaining whether such desired object has been attained; but to say that it is the only means of ascertaining that fact is inconsistent with the plainest dictates of justice and common honesty, does not accord with the experience of mankind, and is not sustained by the authority of adjudicated cases.

It must be, and is, admitted that the certificate of the architect is not indispensable in *every* case under such a contract, for in case of the death or other disability of the architect it is conceded that it may be dispensed with. So, too, if through fraud or mistake the certificate is withheld, it is not essential to a recovery that such certificate should be produced. Or if, as the Circuit Judge charged the jury, the architects improperly and unjustly refused the certificate, this would be sufficient to dispense with the necessity for producing the certificate; and this charge was peculiarly applicable in this case, in which there was some evidence tending to show that the architects were willing to give the certificate but were deterred from so doing by the defendant.

These views, we think, are sustained by the authorities. *Thomas* vs. *Fleury* (26 N. Y. Rep., 26,) was very much like the case now under consideration. It was an action on a building contract to recover the amount of the last installment.

By the terms of the contract the last installment was to be paid on the completion of the work; the building was to be erected and furnished according to the plans and specifications furnished by the

architect and annexed to the contract, and the work was to be done in a workmanlike and substantial manner to the satisfaction and under the direction of the architect, to be certified by a writing or certificate under his hand. The contract further provided that the installments, at different stages of the work, were to be payable in each case on a certificate signed by the architect. The Referee found that the work was performed according to the terms of the agreement, although he subsequently found that the plaintiff had omitted certain items required by the contract, amounting in value to about thirty dollars, which sum he allowed to the defendant. The Judge, in delivering the opinion of the Court, says, in reference to these apparently inconsistent findings: "This was contradictory to the previous finding, and is only to be reconciled on the theory that the Referee deemed these omitted items so trivial and insignificant as to justify the finding that the contract had been substantially performed. This was the view taken by the Supreme Court, and I think the just one."

The question there, as here, was whether the certificate of the architect was essential to a recovery, and it was held that "the architect was the defendant's agent, and if he unreasonably and in bad faith refused the certificate the plaintiff is not to be held responsible, but he may establish his right to recover by other evidence. The certificate is mere evidence of the substantial fact of performance, and if the kind of evidence of the fact stipulated for is obstinately and unreasonably withheld a forfeiture of $2,700 is not to be exacted for that reason from the plaintiff." It is observable that the report of this case, although apparently giving the facts fully, together with the findings of the Referee, does not show any fact or circumstance indicating fraudulent collusion between the defendant and the architect or bad faith upon the part of the latter; the finding of fact by the Referee being simply "that the plaintiff applied for the architect's certificate, as required by the contract, and he refused to give it."

The principal authority relied upon by the appellant (*Smith* vs. *Brady*, 17 N. Y. Rep., 173,) does not, in our opinion, sustain his position, for even that case apparently recognizes the correctness of the rule which was applied by the Circuit Judge in this case.

In that case "it was not pretended that the plaintiff ever made an effort to procure the certificate," and in the opinion of the Court this language is used: "Had it been shown by the plaintiff that he

had made application to the architects for the requisite certificate, and that they had obstinately and unreasonably refused to certify, it might have been proper, perhaps, for the plaintiff to establish his right by other evidence," referring to the case of the *United States* vs. *Robeson*, (9 Pet., 319,) in which the question arose upon a claim for the transportation of troops, with their baggage and stores, under a written contract, which contained a provision that the amount agreed upon should be paid upon the certificate of the commanding officer that the service had been performed. McLean, J., delivering the opinion of the Court, says: "It does not appear that any excuse was offered why these certificates were not procured, and the question is whether the claimant, at his option, can establish his claim by other evidence. *   *   *   Where the parties, in their contract, fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. *   *   *   Had the defendant proved that application had been made to the commanding officer for the proper certificates, and that he refused to give them, it would have been proper to receive other evidence to establish the claim."

We think, therefore, that the Circuit Judge was correct in charging the jury that "to entitle the plaintiff to recover he must satisfy you that he has completed the job which he undertook to do substantially, according to the contract he entered into, and that, having thus completed it and offered to turn it over to the defendant, or to the architects, he was improperly and unjustly refused the certificates and payment to which he was entitled;" and that he committed no error in refusing to charge, as requested, either that the certificate of the architects must first be produced before the plaintiff could recover, or that the architects were the arbitrators between the parties, whose decision should be final.

On the contrary, the architects were the agents of the defendant, employed by him to superintend and direct work for him, which required skill that he did not possess, and, using the language of the Court in *Thomas* vs. *Fleury*, *supra*, to defeat "a recovery upon the facts found and developed in the case, because of the non-production of the architects' certificate, would be manifestly unjust "to the plaintiff and a reproach to the law."

The second ground of exception is sufficiently disposed of by the remark that the items of account therein referred to were not connected with the contract upon which the action was brought, and, not having been pleaded as a counter claim, any evidence in support of such items was clearly inadmissible. As to the matters referred to in the third exception, they were properly for the consideration of the jury, and, having been submitted to them with proper instructions, their verdict must be regarded as conclusive.

The last exception, based upon a remark of the Circuit Judge indicating his opinion as to the amount for which the jury ought to have rendered their verdict, is disposed of by the decision of this Court in the case of *Brickman* vs. *The South Carolina Railroad Company*, filed 12th July, 1876. It by no means follows that because a Circuit Judge differs with a jury as to the amount of damages to which a party may be entitled there should be a new trial.

The judgment of the Circuit Court is affirmed.

*Haskell*, A. J., concurred.

WILLARD, C. J. I concur in the conclusions already stated. The present case appears to me to be free from difficulties that have surrounded many cases of this class. The inclination of the Courts has always been to hold that provisions in contracts of this class making a prerequisite to payment a certificate of an expert not mutually selected by the parties as an arbitrator or appraiser, but acting as the agent of one of the parties to see that there is due performance of its requirements by the other party, are not conditions attached to the right of recovery under such contract, but means auxiliary to a settlement between the parties, tending to avoid legal controversy as to the part of due performance.

It has properly been regarded as inconsistent with the presumable intent of parties that their alternate rights should be made to depend upon the arbitrary act or judgment of a third person, however related to the parties. While the law and convenience allow parties to submit their differences to persons chosen by them as arbitrators, or to arrive at the ascertainment of some fact important between them by the help of arbitrators or appraisers, yet such an intent is not to be presumed nor gathered from words not necessarily leading to that conclusion. If the words of a contract can

bear any other construction, they cannot be regarded as working a deprivation of these important civil rights that secure to all the judgment of competent and impartial tribunals constituted by public authority in all matters of fact or law disputed between them.

Subjecting the contract in suit to these tests, I am satisfied that the sound conclusion is that only those specific modes of compensation provided for in the contract, and consisting of various installments of the contract price, agreed to be paid at various stages of the work, are affected by the provisions as to the requirement of the certificate of the architect, and that the general covenant to pay for the work at a certain price, dependent on its completion according to the contract, is not affected by such provision, and the right of recovery, on proof of due and complete performance, is not dependent in any respect on the question whether the architect gave or refused a certificate, or whether his conduct was justifiable or unjustifiable in that respect.

The application of this view to all the installments but the last can hardly need illustration. Had no provision been made for anticipating the completion of the contract by payments during the progress of the work, the contractor would only have been entitled to receive the contract price upon due and complete execution of all that was called for by the contract. In conceding payment during the progress of the work for the advantage of the contractor; the owner of the building naturally desired protection from overpayment on the one hand or accepting work improperly done on the other. The usual and most practicable means for attaining this end was to make such intermediate payments to depend upon the certificate of an expert. If that certificate was properly withheld, the right to intermediate payment might be lost, but not to ultimate payment on the completion of the work.

Had there been a demand in this case for interest on any of the installments, and proof that it had been withheld, the question of the refusal of the architect to furnish his certificate might have become material. There is, however, no such demand, and the subject is alluded to only to illustrate the difference between a demand to have the installments paid on the conditions on which they depended and a demand for the whole contract price on proof of due performance.

The last installment contained a provision for the benefit of the owner of the house, namely that he should have a credit for a cer-

tain amount for a fixed period of time. If the architect had given his certificate so that this last installment had become payable as such under the contract, then the owner would have been entitled to the credit thus stipulated. The withholding of the certificate prevented this clause of the contract from becoming operative, so that the contractor could, on completing the work in his contract, have at once commenced his action for the contract price without waiting for the time stipulated in reference to this credit to expire.

The application of this rule of construction to the case would not lead to a different result had this peculiar feature of the last installment not existed and had that installment called for payment in each. It is the fact that the contract calls for payment for a single and indivisible object of contract in advance of its complete execution that gives the key of interpretation ; and although this reasoning does not specially apply to this last payment, yet the demand of a certificate as to such installment is explained by the natural desire of the parties to have an uniform method of payment throughout and an important aid to a settlement without controversy.

When, as in the present case, the contract calls for payments during the progress of the work and there is a provision rendering necessary the certificate of an architect or engineer, such provision ought to be referred to the scheme of payment set out in the contract, and not to the final obligation to pay on proof of due completion of the work called for by the contract. The circumstances connected with the last installment already alluded to make this case a very strong illustration of the soundness of this conclusion.

The result of this construction is, that no part of the contract is rejected as insensible, but all provisions take useful effect subject to the proper legal presumptions already mentioned.